# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**TERRY L. LEE**                                          **CIVIL ACTION NO.:**
**Plaintiff**

**-VS-**                                                  **JUDGE:**

**METAL SHARK, LLC, METAL**
**SHARK FRANKLIN LLC, and GRAVOIS**
**ALUMINUM BOATS, LLC**
**Defendants**

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW INTO COURT, through undersigned counsel, comes Plaintiff Terry L.

Lee("Plaintiff" or "Mr. Lee"), who, respectfully submits this Complaint and Jury Demand

against Metal Shark, LLC, Metal Shark Franklin LLC, and Gravois Aluminum Boats, LLC

("Defendants" or "Metal Shark") and alleges as follows:

## JURISDICTION AND VENUE

1.      This Plaintiff brings claims under the Civil Rights Act of 1866 and the Civil Rights Act

of 1964, both as amended. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1343(a)(3), as this matter contains a federal question, and Declaratory relief is sought under 28

U.S.C. § 2201.  This court has supplemental jurisdiction over Plaintiff's state law claims under

28 U.S.C. § 1367 (a).

2.      Venue is proper in this District pursuant to 42 U.S.C. § 2000e(5)(f)(3) because the

unlawful employment practices alleged were committed within the judicial district and the

Defendants' place of business is in this judicial district.  Furthermore, venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a)(1) and (b)(2), because Plaintiff resides within the district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

3.      Plaintiff has complied with the statutory prerequisites to filing this action by: a) filing a charge with the EEOC, b) receiving a Right to Sue Letter and c) filing this lawsuit within the time limits. Defendants had at least thirty days' actual notice of the pending litigation because it participated in and/or was notified of the EEOC investigation. Plaintiff has therefore exhausted his administrative remedies.

### PARTIES

4.      Plaintiff, **Terry L. Lee**, is an adult resident of St. Martinville, Louisiana, Parish of St. Martin with a mailing address of 929 South Main Street, Saint Martinville, LA 70582.  Mr. Lee filed charge number 846-2018-19004 with the Equal Employment Opportunity Commission ("EEOC) on December 17, 2018 and received his Right to Sue Letter on or about July 31, 2019. At all times relevant, Mr. Lee met the definition of "employee" under the applicable statutes.

5.      Defendants are **METAL SHARK, LLC, METAL SHARK FRANKLIN LLC, and GRAVOIS ALUMINUM BOATS, LLC.**

6.      At all times relevant to this Complaint, the Defendants were Plaintiff's employer as defined by applicable state and federal law, including the Louisiana Employment Discrimination Law, the Civil Rights Act of 1866, and the Civil Rights Act of 1964.

## ADMINISTRATIVE PROCEDURE

7.      On December 17, 2018, Mr. Lee filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") asserting his claims for employment discrimination due to race, color, age, and retaliation in violation of Title VII. A true and correct copy of the EEOC charge is attached hereto as **Exhibit A**.

8.      On or about July 31, 2019, the EEOC issued a notice of right to sue pursuant to Plaintiff's request.  The Notice of Right to Sue was received by Plaintiff on or about August 5, 2019.  A true and correct copy of the EEOC determination is attached hereto as **Exhibit B**.

9.      This action has been commenced within ninety (90) days of receipt of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

10.      On or about March 1, 2017 Plaintiff was hired by Defendant sas a welder earning $18.00 per hour.

11.      During his employment at Metal Shark, he suffered discriminatory and retaliatory discipline, including termination.

12.       Plaintiff was the only African-American that worked under Stovall and the oldest employee who worked under Stovall.

13.      Plaintiff repeatedly requested to take the X-ray welder examination that would have resulted in a promotion and a higher hourly rate but was denied by his white supervisor Blake Stovall ("Stovall").  No white employees with similar job responsibilities were denied the right to sit for the x-ray welder examination.

14. Stovall also treated Plaintiff differently by denying him a three month raise that other similarly situated white employees were given.

15. Stovall also treated Plaintiff differently by taking his welding machine.

16. Stovall also threatened Plaintiff by telling him he would restrict him from ever welding again.

17. After several months of being subjected to harassment, Plaintiff complained to senior management that he was being harassed due to his race and age by Stovall.

18. Plaintiff was eventually allowed to take the x-ray welding test. He passed the test but again was denied the raise associated with becoming an X-ray welder. His hourly rate remained $18.00 while other white X-ray welders earned $24.00 to $28.00 per hour.

19. Plaintiff was also retaliated against for complaining of harassment and assigned janitorial cleaning duties that other white co-workers were not assigned.

20. Plaintiff was terminated for allegedly sleeping on the job.

## CAUSES OF ACTION

**COUNT I: DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 1981.**

21. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

22. Defendants discriminated against Plaintiff on the basis of his race (African American/Black) and age in violation of 42 U.S.C. § 1981.

23.     Defendants allowed the promotion of Caucasian employees who were less qualified than Plaintiff.

24.     These discriminatory actions constitute violation of 42 U.S.C. §1981.

25.     Defendants' actions directly and proximately caused Plaintiff  to suffer economic loss, including but not limited to salary and employee benefits, a loss of future opportunities and future income, and have caused damage to his reputation, humiliation, indignity, personal embarrassment, and pain and suffering.

26.     Defendants took the actions complained of herein with actual intent to cause injury Plaintiff  and these actions were done willfully and maliciously, or with reckless indifference to Plaintiff's rights.

## COUNT II:   RETALIATION IN VIOLATION OF 42 U.S.C. §1981

27.     Plaintiff hereby repeats and realleges the preceding paragraphs as if set forth fully herein.

28.     Defendants retaliated against the Plaintiff in violation of 42 U.S.C. § 1981 for opposing or complaining of Defendants' discriminatory acts.  Plaintiff was subjected to further acts of harassment and terminated in response to his protected activity.

29.     Defendants' retaliatory conduct violated 42 U.S.C. §1981.

30.     As a direct and proximate result of this unlawful conduct, Plaintiff has suffered and continues to suffer from damages including lost wages, severe mental anguish and emotional distress, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which the Plaintiff is entitled to an award of monetary damages and other relief.

31. Defendants' unlawful and retaliatory conduct was outrageous and malicious, intended to injure the Plaintiff and done in conscious disregard of Plaintiff's civil rights, entitling the Plaintiff to an award of punitive damages.

### COUNT III:   DISCRIMINATION IN VIOLATION OF THE TITLE VII, 42 U.S.C. § 2000e *ET SEQ.*, AGAINST PLAINTIFF

32. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

33. Title VII makes it unlawful for an employer to discriminate against any of its employees because an employee has opposed any practice made unlawful by Title VII.

34. Plaintiff engaged in protected activity under Title VII by opposing treatment that constituted unlawful harassment and it was accordingly unlawful for Defendants to retaliate against Plaintiff for opposing and/or complaining of Defendants' discriminatory practices against him, among other actions, subjecting Plaintiff to acts of further discrimination, harassment and humiliation via harassing conduct and refusing to promote and give a pay raise to Plaintiff to positions for which he was amply qualified.

35. Defendants took adverse actions against Plaintiff that were causally connected to his protected activity. Defendants refused to promote Plaintiff in direct response to his objection to the conduct experienced on the basis of his race or color and age.

36. Defendants' actions constitute unlawful discrimination against the Plaintiff on the basis of his race or color in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII").

37. Defendants' actions directly and proximately caused Plaintiff to suffer economic loss, including but not limited to salary and employee benefits, a loss of future opportunities and

future income, in addition to damage to his professional reputation, humiliation, indignity, personal embarrassment, and pain and suffering.

38.    Defendants took the actions complained of herein with actual intent to cause injury to Plaintiff and these actions were done willfully and maliciously, or with reckless indifference to Plaintiff's legal rights.

## COUNT IV:    RETALIATION IN VIOLATION OF THE TITLE VII, 42 U.S.C. § 2000e *ET SEQ*., AGAINST DEFENDANT

39.    Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

40.    Defendants retaliated against the Plaintiff in violation of Title VII for opposing or complaining of Defendants' discriminatory acts.

41.    In response to Plaintiff's protected conduct, Defendants subjected him to further acts of harassment and denied promotions in response to his protected activity.

42.    Defendants' retaliatory conduct violates Title VII.

43.    As a direct and proximate result of this unlawful conduct, Plaintiff has suffered and continues to suffer from damages including lost wages, severe mental anguish and emotional distress, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which the Plaintiff is entitled to an award of monetary damages and other relief.

44.    Defendants unlawful and retaliatory conduct was outrageous and malicious, intended to injure the Plaintiff and done in conscious disregard of Plaintiff's civil rights, entitling the Plaintiff to an award of punitive damages.

## COUNT V:  RACE AND COLOR DISCRIMINATION IN VIOLATION OF LA. R.S §23:332 et seq.

45.   Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

46.   Defendants denied the Plaintiff the same terms and conditions of employment enjoyed by Caucasian employees. Plaintiff was subjected to harassment and passed over for promotions for Caucasian employees of comparable skill and experience and/or lesser skill and experience.

47.   Defendants created, fostered, accepted, ratified and otherwise failed to prevent or remedy a hostile work environment that included, among other things, severe and pervasive discrimination and harassment of Plaintiff on the bases of his race or color.

48.   Defendants' actions constitute a violation of La. R.S. §23:332 and the Louisiana Employment Discrimination Law.

49.   As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff suffered and continues to suffer severe damages including lost wages, mental anguish and emotional distress, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

50.   Defendants' unlawful and discriminatory conduct was outrageous and malicious, was intended to injure Plaintiff and done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of attorney's fees under La. R.S. §23: 303.

## COUNT VI: RETALIATION IN VIOLATION OF LA. R.S. §23:332

51.   Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

52.   Defendants retaliated against the Plaintiff in violation of La. R.S. §23: 332 for opposing or complaining of Defendants' discriminatory acts.

53.     In response to Plaintiff's protected conduct, Defendants subjected him to further acts of harassment and denied promotions in response to his protected activity.

54.     Defendants' retaliatory conduct violates La. R.S. §23: 332.

55.     As a direct and proximate result of this unlawful conduct, Plaintiff has suffered and continues to suffer from damages including lost wages, severe mental anguish and emotional distress, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which the Plaintiff is entitled to an award of monetary damages and other relief.

56.     Defendants' unlawful and retaliatory conduct was outrageous and malicious, intended to injure the Plaintiff and done in conscious disregard of Plaintiff's civil rights, entitling the Plaintiff to an award of attorney's fees under La. R.S. §23: 303.

## REQUESTED RELIEF

WHEREFORE, Plaintiff Terry L. Lee demands a trial by jury and prays this Court for the following relief:

A.  Grant a permanent injunction enjoining Defendants, its officers, successors, their agents, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all of the practices shown to be in violation of the applicable law;

B.  Enter a judgment in Mr. Lee's favor and against Defendants for harassment on the basis of race, sex and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*;

C.  Enter a judgment in Mr. Lee's favor and against Defendants for harassment on the basis of race, sex and retaliation in violation of LSA-R.S. § 23:301 *et seq.*;

D.  Award Mr. Lee compensatory damages for pain and suffering, damage to career, and loss of enjoyment of life, that she has experienced as a result of Defendants' unlawful conduct in an amount to be determined at trial;

E.  Award Mr. Lee punitive damages in an amount to be determined at trial;

F.  Award Mr. Lee back pay, front pay, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to make him whole for the unlawful actions taken against him.

G.  Enter an order enjoining Defendants, or each of them, to do all that is necessary in law or in equity to make Ms. Lee whole for the damages and injuries alleged herein;

H.  Award Mr. Lee the costs and disbursements of this action, including reasonable attorney's fees and all expert witness fees;

I.  Award Mr. Lee all other relief as the Court deems necessary and proper in the public interest.


**DEMAND FOR JURY TRIAL**

Mr. Lee demands a trial by jury on all so triable in this action.


BOWERS LAW FIRM, LLC

*s/ Monica V. Bowers*
MONICA V. BOWERS (#28317)
vbowers@bowerslawfirmla.com
1200 Camellia Blvd., Suite 205
Lafayette, LA 70508
Ph: (337)406-9615

Fax: (337) 406-9615
Counsel for Plaintiff, Terry L. Lee

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this the 29th day of October, 2019, I electronically filed

the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a

notice of electronic filing to all counsel of record.

*s/ Monica V. Bowers*_____